**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Lynn McHugh, | No. CV-19-02399-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On July 17, 2020, the Court issued an order affirming the denial of Plaintiff's application for Social Security disability benefits. (Doc. 18.) Plaintiff has now filed a motion for reconsideration. (Doc. 20.) For the following reasons, that motion will be denied.

## LEGAL STANDARD

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Nevertheless, reconsideration is an "extraordinary remedy" that "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted).

Local Rule 7.2(g)(2) provides that, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." *Id.* Local Rule 7.2(g)(1) further provides that "[t]he Court will ordinarily deny a motion for reconsideration . . . absent a showing of

manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. . . . No motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* Thus, reconsideration is appropriate only "if: (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence; (2) There are new material facts that happened *after* the Court's decision; (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or (4) The movant makes a convincing showing that the Court failed to consider material facts presented to the Court." *Honeywell Int'l, Inc. v. Western Support Group*, 2013 WL 2369919, *1-2 (D. Ariz. 2013).

## DISCUSSION

As an initial matter, Plaintiff's motion is untimely. The motion was filed on August 10, 2020, which is 24 days after the issuance of the order it seeks to challenge. Under Local Rule 7.2(g)(2), motions for reconsideration must be filed within 14 days of the challenged order "[a]bsent good cause shown," and Plaintiff has made no attempt to show good cause here. This, alone, justifies denial of the motion.

The motion also fails on the merits. In her opening brief, Plaintiff argued she was entitled to reversal because the ALJ who adjudicated her case was not constitutionally appointed at the time of her hearing. (Pl. Br. at 11–16.) In the July 17, 2020 order, the Court "conclude[d], consistent with the conclusions reached by the overwhelming majority of other courts to have addressed this issue, that Plaintiff forfeited her Appointments Clause claim by failing to raise it at the ALJ level." (Doc. 18 at 9.) The Court also considered, and rejected, each of Plaintiff's contrary arguments concerning the forfeiture issue. (*Id.* at 10-12.)

Plaintiff's primary reconsideration argument is that the Court's analysis is inconsistent with *Sims v. Apfel*, 530 U.S. 103 (2000). (Doc. 20 at 1-3.) Yet the Court addressed *Sims* at length in the July 17, 2020 order, explaining that the Ninth Circuit's

subsequent decision in *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017), confirmed that an "ALJ-level preservation requirement remains the law in the Ninth Circuit." (Doc. 18 at 10.) Plaintiff also faults the Court for failing to consider a recent decision by the Third Circuit (Doc. 20 at 4), but this argument is both inaccurate (the Court stated that the "overwhelming majority" of courts have applied an ALJ-level preservation requirement, which is an acknowledgement that a few courts have reached the opposite conclusion) and irrelevant (the Court is required to follow Ninth Circuit law). Finally, Plaintiff asks the Court to hold her reconsideration motion in abeyance pending the Ninth Circuit's decision in *Salas v. Saul*, Dkt. No. 20-35233 (Doc. 20 at 4-5), but that case is not yet fully briefed and likely won't be resolved until 2021 or 2022.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 20) is **denied**.

Dated this 13th day of August, 2020.

Dominic W. Lanza
United States District Judge